UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>v.<br><br>**RICKY D. LINDSEY**,<br>              Defendant. | Criminal No. 08-85-M |

### DETENTION MEMORANDUM

The Defendant, Ricky D. Lindsey, has been charged by indictment with possession with intent to distribute cocaine base and cocaine in violation of 21 U.S.C. § 841(a)(1). The government requested a detention hearing, which was held on February 20, 2008. At the conclusion of the hearing, the Court found that the Defendant should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

### Findings of Fact

At the detention hearing, the government proceeded by proffer. The government indicated that on February 14, 2008, officers of the Metropolitan Police Department executed a search warrant at 4645 A Street, S.E., Washington, D.C. Officers located a bedroom that was identified as belonging to the Defendant, a 2-3 year old child, and the child's mother. The room contained mail matter and trophies that bore Defendant's name, a pair of sneakers that appeared to belong to an adult male, and a pair of sneakers that appeared to belong to a child.

Inside the bedroom, officers located approximately 600 grams of powder cocaine and

approximately 100 grams of crack cocaine, along with three scales, baking soda, plastic baggies, and a knife. The knife and one of the scales contained narcotics residue. The officers also located two UZIs - one assembled and one disassembled - .40 caliber, .38 caliber and 5.56 caliber ammunition, magazines for an AK-47, a 50-round magazine for an SKS, and a holster.

## Discussion

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113 (3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

When, as here, a grand jury indictment establishes probable cause to believe that a defendant has committed a violation of the Controlled Substance Act for which a maximum penalty of 10 years or more is prescribed, a rebuttable presumption arises that the defendant constitutes a danger to the community, and no pretrial release condition or combination of conditions may be imposed to assure his future presence in court or to reasonably assure the safety of the community. *See* 18 U.S.C. § 3142(e).

In determining whether there are conditions of release which will reasonably assure the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the

weight of the evidence against the defendant; (3) the defendant's history and characteristics, including the defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

The first factor, the nature and circumstances of the offense, favors detention for the Defendant. The Defendant is charged with possession with intent to distribute cocaine, a serious drug-related charge carrying a prison sentence of ten years or more. Moreover, the quantity of cocaine that the Defendant possessed - 600 grams of powder and 100 grams of crack - is substantial. Finally, the presence of packaging and cutting materials indicates that the Defendant was engaged in the preparation of narcotics for distribution

The second factor, the weight of the evidence, favors detention for the Defendant. The narcotics, weapons, and ammunition were all found in a bedroom that was identified as belonging to the Defendant. Additionally, mail matter and trophies bearing the Defendant's name were located in the bedroom.

The third factor, the history and characteristics of the Defendant, favors detention as well. The Defendant has a 2005 robbery conviction in the State of Maryland.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, also favors detention. Although the Defendant is not charged with a firearms violation, his possession of an arsenal of weapons and ammunition, along with a large quantity of cocaine, demonstrate that he poses a danger to the community. The rampant epidemic of drug-related shootings and murders reported daily by the news media demonstrate the extent to which unlawful possession of a firearm and drug trafficking wreak havoc on our

communities, no place more so than in the District of Columbia. Moreover, there is evidence that the weapons, ammunition, and narcotics were found in the same bedroom in which a small child resides. The dangerousness of this situation cannot be overstated.

### Conclusion

Based upon consideration of the facts presented at the preliminary and detention hearings, and the factors set forth in § 3142(g), the Court concludes that Defendant has failed to overcome the presumption in favor of detention established by the Bail Reform Act. The Court thus finds by clear and convincing evidence that no condition or combination of conditions can be imposed to reasonably assure the safety of the community. The government's motion for pretrial detention is therefore granted.

Dated: February  20 , 2008                              /s/
                                               ALAN KAY
                                               UNITED STATES MAGISTRATE JUDGE